BOLLEN (EVANS v.). See Case No. 4,554.
BOLLES (BRADLEY v.). See Case No. 1,773.
BOLLMAN (UNITED STATES v.). See case No. 14,622.

---

## Case No. 1,612.

BOLLMANS et al. v. PARRY et al.

[5 Pa. Law J. Rep. 29; 3 Am. Law J. (N. S.) 468.]

Circuit Court, W. D. Pennsylvania. Nov. Term, 1850.

TRIAL—EXPRESSION OF OPINION BY JUDGE.

A judge in a clear case, regarding the infringement of a patent, may express his opinion to a jury on a matter of fact, although the question is for their decision.

This was an action for the recovery of damages for an infringement of the celebrated patent of James Harley, for "A new and useful improvement in the mode of casting chilled rollers and other metallic cylinders." It was tried at Pittsburg on the 20th and 21st Nov'r, 1850, before Honorable R. C. Grier, justice of the supreme court, and Honorable Thos. Irwin, of the district court of the United States. The plaintiff proved the making of five or six sand rollers, made by letting the metal into the mould by a single gate or gutter, at a tangent to the circumference of the neck of the mould. He also proved the manufacture of about 136,000 lbs. of rollers made upon the plan of the patent of John C. Parry, one of the defendants. This patent describes a mode of giving a rotary motion to the iron after it reaches the neck of the mould, by means of a paddle at the end of a perpendicular rod of wrought iron, passing up through the chill and the mould of the upper neck and coupling, and having four iron fans or flanges, (like the gudgeon of a water wheel,) on the lower end, inserted through the whole casting, until the fans reach nearly to the lower end of the lower neck, and projecting out of the upper coupling or mould. The rod is turned on its own centre by means of geared bevelled wheels, by a crank.

The questions chiefly urged by Mr. Dunlop, the defendant's advocate, were, that as to the sand roll, there was no proof of the use or sale of them by defendants, and that they had been run by a tangential gate, without the knowledge, and against the orders of the defendant, and that a single gate, although tangential to the circumference of the mould, was not an infringement of Harley's patent. Also, that the casting of chilled rollers upon the plan of Mr. Parry, as above described, is no infringement of Harley's patent, as it does not profess to produce a rotary motion of the metal, by means of its own gravity, in passing through tubes or gutters tangential to the circumference, but by mechanical means and direct force; by the use of a rod and paddle after the metal enters the mould, at a perpendicular to the diameter of its neck. When the jury came in to deliver the verdict, the plaintiffs took a non-suit. The court, through Judge Grier, having declared its opinion (which the judge said he felt bound to do in a clear case, although the question was entirely for the jury,) that casting rollers under the patent of John Parry, was no infringement of the mode of casting by Mr. Harley. James Dunlop, Esq., conducted the case on the part of the defendants, with marked tact and ability.

Henry L. Bollmans et al. vs. John C. Parry, Harrison Parry and Cornelius McGinnis.

(No. 10, of Nov'r Term, 1850.)

Jury sworn.

We, the jury sworn in the above case, certify that we were ready to enter a verdict at the bar for the defendants, when the plaintiffs took a non-suit.

J. C. Rankin, E. D. Houseman, G. W. Clark, Robert Henderson, Leonare Shryock, M. Borland.       –

The jury had unanimously resolved to bring in a verdict for the defendants, but separated before all had signed the above paper.